IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| **JESSICA N. GARCIA** | ) | |
| | ) | **CIVIL ACTION NO:** |
| **Plaintiff,** | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ECPI UNIVERSITY LLC** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Jessica N. Garcia ("Garcia" or "Plaintiff"), by counsel, brings this action against Defendant ECPI University LLC ("ECPI") and alleges as follows:

### INTRODUCTION

1. This action seeks redress for discrimination based on gender and sex, including sexual harassment, perpetrated by Defendant through its employee, Ellis Siegel, in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), and Virginia state law. Plaintiff, a female student in ECPI's Associate Degree in Nursing ("ADN") program, endured persistent sexual harassment by Siegel, a full-time faculty member, which Defendant failed to prevent or remedy despite actual knowledge of his conduct.

### PARTIES

2. Plaintiff Jessica Garcia is an adult female, a citizen of the United States, and currently resides in Kingston, Washington. At all relevant times, she was enrolled as a student at ECPI's campus in Virginia Beach, Virginia. Defendant ECPI is a for-profit college based in Virginia Beach, Virginia.

1

3.     Defendant ECPI University, Inc. is a for-profit educational institution incorporated under the laws of Virginia, with its principal office located at 5555 Greenwich Road, Virginia Beach, VA 23462. ECPI operates a campus in Virginia Beach within the Eastern District of Virginia and receives federal financial assistance, subjecting it to Title IX.

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under Title IX, a federal statute. Supplemental jurisdiction over state law claims is conferred by 28 U.S.C. § 1367.

5.     This Court is authorized to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because Defendant resides in this district and the events giving rise to this action occurred within the Eastern District of Virginia, specifically at ECPI's Virginia Beach campus.

## STATEMENT OF FACTS

7.     ECPI operates an ADN program advertised as preparing students to become Registered Nurses. Students who fail a course must pass it within three attempts or face academic dismissal.

8.     ECPI's website advertises its "Sexual Harassment and Sexual Misconduct Policy" (the "Policy"), which states: "ECPI University is committed to providing a teaching, learning, and working environment that is free from sexual harassment and sexual misconduct."

9.     The Policy prohibits "sexual harassment and sexual misconduct" (collectively, "Prohibited Conduct") and applies to all members of the ECPI community, including employees and students.

10. The Policy defines "Sex Discrimination" as "Conduct that adversely affects any aspect of an individual's employment, education, or participation in an institution's activities or programs or has the effect of denying equal access or treatment to an individual on the basis of that individual's sex or gender."

11. The Policy defines "Sexual Harassment" as "Unwelcome sexual advances, request for sexual favors, and other verbal or physical conduct of a sexual nature" when such conduct: (1) is a term or condition of education or participation in university programs; (2) is used as a basis for academic decisions; or (3) creates a hostile environment.

12. The Policy encourages reporting of Prohibited Conduct, promising that "All reports will be treated seriously."

13. Plaintiff enrolled in ECPI's ADN program in December 2022, as a married woman whose husband serves in the U.S. Navy, often stationed away from home.

14. Ellis Siegel ("Siegel") was a full-time faculty member at ECPI during Plaintiff's enrollment, teaching courses including NUR 257 N – Medical Surgical Nursing II.

15. Siegel had a known reputation among students for harassing female students, with online reviews on platforms like RateMyProfessor.com stating he "sexually harasses most of his female students," "pushes comfort boundaries," and engages in unwanted touching, such as hugging.

16. On or about March 3, 2024, Plaintiff began NUR 257 N with Siegel. On the first day, Siegel acknowledged negative online reviews, denying that he touched students as alleged.

17. On March 6, 2024, after receiving a lower-than-desired exam score, Plaintiff requested tutoring from Siegel and signed up for a review session.

18. On June 7, 2024, from 10:30 p.m. to 11:00 p.m., Siegel reviewed Plaintiff's exam in a private setting. During this session:\

   a. Siegel touched Plaintiff's inner upper-mid thigh after answering each question.

   b. He leaned in closer when she attempted to pull away, wrapping his arm around her back and touching the side of her breast.

   c. After the review, he invited her to Taco Bell "to see where the night would lead," which she declined, citing her children.

19. Plaintiff texted classmates about the incident, warning them about Siegel's touching. They replied Siegel had a reputation for harassing female students.

20. On or about March 9, 2024, during a clinical simulation, Plaintiff reported Siegel's conduct to Muhammad Abdussalaam ("Abdussalaam"), an instructor, who responded, "Oh yeah – watch your thighs," indicating faculty awareness of Siegel's behavior.

21. On another occasion in or around March 2024, Plaintiff again reported Siegel's conduct to Amutallah Wesley ("Wesley"), another nursing instructor, and wife of Abdussalaam, who responded, "Stay clear of him as much as possible."

22. Both Addussalaam and Wesley told Plaintiff that ECPI "keeps [Siegel] around because no one else will teach his classes." On at least one occasion, Siegel similarly told a class, with Plaintiff present, that "no one else will teach my classes."

23. On another occasion in or around March 2024, Plaintiff again reported Siegel's conduct to Julie Marinelli, another nursing instruct, who responded, "Mr. Siegel is a creep."

24. From March 3, 2024, to May 4, 2024, over 10 weeks, Siegel subjected Plaintiff to ongoing harassment during lectures 3-4 nights per week, including:

   a. Provocative eyebrow raises and lip-licking directed at Plaintiff.

  b. Compliments on her appearance (*e.g.,* "You look good").

  c. Unwanted hugs and neck massages, causing emotional distress and fear of unpredictable harassing conduct.

25. Plaintiff observed Siegel touch another student's glutes during a hug and learned from other classmates of similar inappropriate touching.

26. When the ADN cohort lacked a speaker for the nursing pinning ceremony, Siegel agreed to serve only if he could "pin" Plaintiff. Another instructor commented, "He only said that so he could touch your breasts," further evidencing faculty knowledge.

27. Plaintiff later discovered Siegel had inappropriate relations with students at Norfolk State University, corroborated by a friend who seen sexual email exchanges on Siegel's faculty account, left accessible for others to read.

28. Plaintiff reported Siegel's conduct to other professors, who dismissed her complaints, stating "that's just how he is" or ignoring her entirely.

29. In or about June 2024, Plaintiff attempted to report Siegel's conduct to Adriele Malone ("Malone"), then Director of Nursing, telling her "Hey about Mr. Siegel, I've had some instances with him that made me feel uncomfortable…" Malone quickly rebutted, "You know he's not malicious right?"

30. Plaintiff did not push the matter any further because she had heard a rumor that another Nursing student had complained about the program but was told by ECPI's faculty that "reporting to higher ups isn't going to help anyone." Plaintiff further heard that after making his complaints that same student was kicked out of the program.

31. Plaintiff feared any type of similar retribution (getting kicked out of the program) if she pursued complaints about Siegel – especially so close to her completion of the program (set to conclude in July 2024).

32. Defendant failed to investigate or discipline Siegel despite actual knowledge of his conduct from Plaintiff's complaints, faculty remarks, and prior student reports.

33. This harassment created a hostile educational environment, causing Plaintiff severe emotional distress, interfering with her academic performance, and denying her equal access to ECPI's programs.

## COUNT I
### Violation of Title IX of the Education Amendments Act of 1972
(Sexual Discrimination and Harassment)
20 U.S.C. §1681, *et seq*.

34. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

35. Title IX, 20 U.S.C. § 1681(a), prohibits sex discrimination in educational programs receiving federal funding, including sexual harassment that creates a hostile environment or denies equal access.

36. Defendant receives federal financial assistance, subjecting it to Title IX.

37. Siegel's persistent unwelcome sexual advances, physical touching, and verbal conduct constituted sexual harassment under Title IX and ECPI's Policy.

38. Defendant had actual knowledge of Siegel's harassment through Plaintiff's complaints, faculty awareness (*e.g.,* Dr. Abdussalaam's comment), and prior student reports, yet failed to take prompt and effective remedial action.

39. This failure subjected Plaintiff to a hostile educational environment, adversely affecting her participation in the ADN program and causing emotional distress.

40. Defendant's deliberate indifference violated Title IX, as established in *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999).

## COUNT II
### Intentional Infliction of Emotional Distress
Virginia Common Law

41. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

42. Siegel's repeated sexual harassment, including unwanted touching and suggestive behavior, was intentional and outrageous, exceeding the bounds of decency under Virginia law.

43. Defendant, as Siegel's employer, ratified or failed to stop this conduct despite actual knowledge, proximately causing Plaintiff severe emotional distress.

44. Plaintiff suffered emotional torture, fearing unpredictable harassment 3-4 nights per week for 10 weeks, satisfying the high threshold of *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974).

## COUNT III
### Negligent Supervision
Virginia Common Law

45. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

46. Defendant had a duty to supervise its employees, including Siegel, to prevent foreseeable harm to students like Plaintiff.

47. Defendant knew or should have known of Siegel's propensity to harass female students, as evidenced by online reviews, faculty comments, and Plaintiff's reports.

48. Defendant's failure to supervise, investigate, or discipline Siegel was negligent, proximately causing Plaintiff's injuries, per *Chesapeake & Potomac Tel. Co. v. Dowdy*, 235 Va. 55, 365 S.E.2d 751 (1988).

## COUNT IV
### Virginia Consumer Protection Act
Va. Code § 59.1-196 et seq.

49. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

50. The Virginia Consumer Protection Act (VCPA), Va. Code § 59.1-200(A), prohibits deceptive acts or practices in consumer transactions, including misrepresentations about the quality or characteristics of services.

51. Educational services, including those provided by for-profit institutions like ECPI, constitute a "consumer transaction" under the VCPA when they involve, like here, the sale of services to an individual for personal purposes (*e.g.,* obtaining a degree). Va. Code § 59.1-198.

52. Defendant advertised its "Sexual Harassment and Sexual Misconduct Policy" on its website, representing that it was "committed to providing a teaching, learning, and working environment that is free from sexual harassment and sexual misconduct" and that "all reports will be treated seriously," implying compliance with Title IX and a safe educational environment.

53. Plaintiff enrolled in ECPI's ADN program as a consumer transaction, paying tuition for educational services, and relied on Defendant's representations of a safe, harassment-free environment when choosing to attend.

8

54. Defendant misrepresented the quality and characteristics of its educational services by allowing Ellis Siegel to engage in repeated sexual harassment—including unwelcome touching of Plaintiff's thighs and breasts, suggestive comments, and inappropriate advances—from March 3, 2024, to May 4, 2024, despite actual knowledge of his conduct through Plaintiff's complaints, faculty remarks (e.g., Dr. Abdussalaam's "watch your thighs"), and prior student reports.

55. The disparity between the advertised safe environment and ECPI's allowance of Siegel's continued teaching is a misrepresentation of the "quality" or "characteristics" of its educational services (Va. Code § 59.1-200(A)(5), (10)).

56. Defendant acted with reckless disregard for the truth of its representations by failing to investigate or discipline Siegel, permitting him to continue teaching and harassing students.

57. As a direct and proximate result of Defendant's deceptive practices, Plaintiff suffered damages, including emotional distress, interference with her education, and financial loss from tuition paid for a program that did not deliver the promised safe environment.

58. Defendant's conduct was willful, justifying treble damages under Va. Code § 59.1-204.

## JURY DEMAND

**Plaintiff demands a jury trial.**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jessica Garcia, prays for entry of judgment in favor of Plaintiff and against Defendant ECPI University LLC in the form of the following relief:

a. Compensatory damages in an amount to be determined at trial, not less than $500,000, for emotional distress, educational interference, and other harms.

b. Punitive damages to punish and deter Defendant's deliberate indifference, in an amount to be determined at trial, not less than $250,000.

c. Injunctive relief requiring Defendant to: (1) terminate Siegel's employment; (2) implement effective Title IX training and reporting mechanisms; and (3) expunge any academic penalties from Plaintiff's record related to this harassment.

d. Pre- and post-judgment interest as allowed by law.

e. Attorney's fees and costs under 42 U.S.C. § 1988(b) and Virginia law.

f. Treble damages under Va. Code § 59.1-204 for Defendant's willful violation of the VCPA, in an amount to be determined at trial, not less than $750,000.

g. Attorney's fees and costs under Va. Code § 59.1-204.1; and

h. Such other relief as the Court deems just and proper.

Date: April 25, 2025                                    Respectfully submitted,

                                                        JESSICA N. GARCIA

                                                        _____/s/__Todd M. Gaynor_____
                                                        Todd M. Gaynor, Esquire
                                                        Virginia Bar No.: 47742
                                                        GAYNOR LAW CENTER, P.C.
                                                        440 Monticello Avenue, Suite 1800
                                                        Norfolk, Virginia 23510
                                                        PH: (757) 828-3739
                                                        FX: (757) 257-3674
                                                        EM: tgaynor@gaynorlawcenter.com

*Counsel for Plaintiff*

　　　　/s/　Jeremiah A. Denton IV____
Jeremiah A. Denton IV, Esquire
Virginia Bar No.: 83818
DENTON LAW, P.C.
317 30th Street
Virginia Beach, Virginia 23451
PH: (757) 678-8508
FX: (757) 551-2444
EM: jake@denton.law

Co-*Counsel for Plaintiff*